UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH S. TAYLOR, | ) | CASE NO. 5:19-cv-2263 |
| | ) | [Bankr. Case No. 18-52344 (amk)] |
| APPELLANT, | ) | |
| | ) | |
| vs. | ) | JUDGE SARA LIOI |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| APPELLEE. | ) | |

Before the Court are two emergency motions to stay filed by appellant Kenneth S. Taylor ("Taylor" or "appellant") and for a temporary restraining order or preliminary injunction (Doc. No. 5 ["Mot. 1"]; Doc. No. 7 ["Mot. 2"].) At the Court's direction, appellee/creditor Deutsche Bank National Trust ("Deutsche Bank" or "appellee") filed a combined brief in response to both motions. (Doc. No. 8 ["Opp'n"].) No reply was permitted. For the reasons set forth herein, both motions are both **denied**.

**I.     Background**

This case presents an appeal from an order rendered within the context of Taylor's Chapter 7 bankruptcy. On September 20, 2019, Bankruptcy Judge Alan M. Koschik granted the motion of Deutsche Bank, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2 (the "Creditor"), for relief from the automatic stay and for abandonment of certain property under the Bankruptcy Code. (*See* Bankr. Memorandum Decision (Bankr. Doc. No. 38) and Bankr. Order (Bankr. Doc. No. 39), both dated 9/20/2019[1] (together, the "Order Lifting Stay").) The bankruptcy court concluded, *inter alia*, that,

---

[1] The copy of the Order Lifting Stay supplied by Taylor for filing with his appellant's brief (Doc. No. 6-2) was incomplete, that is, it consisted of only every other page. For purposes of this ruling, the Court accessed the relevant

because "the [p]roperty had already been sold and deeded to [Deutsche Bank] as of the date of the [bankruptcy] petition and the estate has not even a possessory interest in the [p]roperty . . . [it] is of inconsequential value to the estate." (Bankr. Doc. No. 38 at 24.) The bankruptcy court further concluded that Deutsche Bank was entitled to an order directing the Trustee to abandon the relevant property. (*Id.*)

On September 30, 2019, Taylor appealed from the Order Lifting Stay. He filed his appellant's brief on October 11, 2019. (Doc. No. 6.) The briefing on the merits is not complete, but Taylor's motions for stay of the bankruptcy order are ripe for timely determination.

In its Order Lifting Stay, the bankruptcy court ordered as follows:

> 1. Movant Deutsche Bank National Trust Company's Motion for Relief from Stay is **GRANTED**.
>
> 2. The automatic stay imposed pursuant to 11 U.S.C. § 362 is terminated with respect to the Movant [Deutsche Bank] as to the Debtor's [Taylor's] real property and a residence located at 8610 Hadden Road, Twinsburg, Ohio 44087-2116.
>
> 3. The relief granted by this Order shall permit the Movant to seek from the appropriate state court issuance of a writ of possession with respect to the Property, permit the Summit County Sheriff to execute upon any such writ of possession issued by the appropriate state court so as to proceed with obtaining possession of the Property, and if necessary, evict the Debtor and his non-filing spouse from the Property.
>
> 4. Harold A. Corzin, the duly-appointed chapter 7 trustee in this bankruptcy case, is authorized and directed to abandon the Property located at 8610 Hadden Rd., Twinsburg, Ohio 44087.

(Bankr. Doc. No. 39.)

---

documents directly from the bankruptcy docket. (*See* Bankr. No. 18-52344 (amk), Doc. Nos. 38 & 39.) *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n. 5 (6th Cir. 2005) (federal courts may take judicial notice of related proceedings in other courts of record). In order that the record in this case may be complete, the Clerk is directed to file a "supplement" to Taylor's appellate brief (Doc. No. 6) by adding complete copies of Doc. Nos. 38 and 39 from the bankruptcy case.

## II. Discussion

### A. Fed. R. Bankr. P. 8007

In its opposition brief, Deutsche Bank notes that Taylor's motions were filed in the wrong court and failed to comply with Fed.R.Bankr.P. 8007. (*See* Opp'n at 230–32.) This, it argues, is reason enough to deny the motions.

Although Taylor is representing himself, he is no stranger to this Court or to courts in general. It is not unreasonable to expect him to follow the rules. *In re Edwards*, 748 F. App'x 695, 700 (6th Cir. 2019) ("Although courts must construe liberally the contents of a pro se complaint, the drafting of which 'presupposes some degree of legal training,' it does not follow that courts must excuse a pro se plaintiff's failure to comply with straightforward rules for which no legal training is required.") (quoting *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

Rule 8007(a)(1)(A) provides that, "[o]rdinarily, a party must move first in the bankruptcy court . . . [for] a stay of a judgment, order, or decree of the bankruptcy court pending appeal[.]" Taylor failed in this regard.

Rule 8007(b), however, also permits such a motion to be "made in the court where the appeal is pending[,]" but "[t]he motion must . . . show that moving first in the bankruptcy court would be impracticable[.]" Taylor made no effort to make such a showing.

Accordingly, Taylor's motions would be properly denied for failure to comply with the relevant procedural rules. That said, and assuming solely for the sake of argument that the "emergency" nature of the motions may have rendered filing in the bankruptcy court impracticable, the Court will also address the motions on the merits.

3

### B. Injunctive Relief

The gravamen of Taylor's motions is that this Court should enjoin, at least temporarily, the enforcement of the Order Lifting Stay, effectively reinstating the automatic stay. The "emergency" nature of the motions results from the fact that Taylor has been served with a writ of possession indicating that he must vacate the relevant property by November 2, 2019 or suffer eviction.

Although the issues raised by the emergency motions are closely related to the underlying merits of the appeal itself, that is, the appropriateness of the Order Lifting Stay, at this juncture, since appellate briefing is not complete, the Court's focus is on what are essentially motions by Taylor for temporary restraining order or preliminary injunction[2] enjoining the enforcement of the bankruptcy court's Order Lifting Stay and delaying Taylor's eviction.

When considering whether a temporary restraining order or preliminary injunction is appropriate, four factors are important: "(1) the likelihood of [movant's] success on the merits; (2) whether the injunction will save the [movant] from irreparable injury; (3) whether the injunction would harm others; and (4) whether the public interest would be served by the injunction." *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). The test is flexible and the factors are not prerequisites to be met, but must be balanced. *Id.* at 1229. The burden of persuasion is on the party seeking the injunctive relief, in this case, Taylor. *Stenberg v. Cheker Oil Co.*, 573 F.2d 921, 925 (6th Cir. 1978). In light of the long record in this case, when the Court balances these factors, it must conclude that a stay or injunction of any kind is not warranted.

---

[2] Taylor is proceeding pro se, as he did in the bankruptcy court. As a result, this Court must construe his pleadings and filings liberally. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haynes v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

Taylor argues that he is "threatened with immediate and irreparable harm if this writ of possession . . . can proceed under the unlawfully issued deed." (Mot. 2 at 218.) He claims that "[a] temporary injunction should be issued immediately to preserve the Taylor home life and liberty while this Court considers the remedy in this case." (*Id.*) Even assuming for the sake of argument that Taylor will likely suffer injury[3] should his motions not be granted, all the other factors weigh in favor of denial of the motions.

Given the record before this Court, there is little to no likelihood that Taylor will succeed on the merits of his appeal, which addresses but one narrow question: should the bankruptcy court have lifted the automatic stay with respect to Deutsche Bank? Although Taylor's motions, especially the second one, expound at length about the alleged illegitimacy of the state court foreclosure action, this federal district court has no jurisdiction over challenges to state court decisions and that is *not* the issue that will be before this Court at such time as the appellate briefing is complete. *See District of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). This Court has no power to change the outcome of the state court foreclosure proceedings. A stay or injunction will not alter that legal result, it will merely further delay it.

"[A]lthough no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000). Even so, the other factors also weigh against Taylor's motions. Should this Court

---

[3] The harm that Taylor will suffer was predictable and is the natural consequence of his refusal to abide by a significant number of court orders. This is not a matter of a sudden and unforeseen hardship for which Taylor could not have adequately prepared.

grant a stay and/or issue any sort of injunctive order that would have the effect of further forestalling Taylor's eviction, Deutsch Bank would suffer harm. Deutsche Bank appears to have established its right to possession of the relevant property, a right that it appears to have held for quite some time, even though it has been unable to execute on that right. Further delay would cause further harm.

Finally, the public interest leans in the direction of denial of Taylor's motions. Where, as here, it is virtually certain, as established by the extended history of this case in several forums, that Taylor no longer has any interest in the relevant property, the public interest is served by permitting Deutsche Bank to enforce its legitimate possessory interest and by declining any attempt by Taylor to wrongfully retain possession by thwarting a long line of court orders.

## III. Conclusion

For the reasons set forth herein, the two emergency motions to stay (Doc. Nos. 5 and 7) are **denied**.

**IT IS SO ORDERED**.

Dated: November 1, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**