UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH S. TAYLOR, | ) | CASE NO. 5:19-cv-2263 |
| | ) | [Bankr. Case No. 18-52344 (amk)] |
| APPELLANT, | ) | |
| | ) | |
| vs. | ) | JUDGE SARA LIOI |
| | ) | |
| DEUTSCHE BANK NATIONAL TRUST, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| APPELLEE. | ) | |
| | ) | |

This case is before the Court on appeal by Kenneth S. Taylor ("Taylor" or "appellant") from the September 20, 2019 Memorandum Decision and Order of the Bankruptcy Court granting the motion of Deutsche Bank National Trust Company ("Deutsche Bank" or "appellee") for relief from the automatic stay imposed by 11 U.S.C. § 362. For the reasons set forth herein, the bankruptcy court is affirmed and this case is dismissed.

**I.    Procedural Background**

On September 20, 2019, Bankruptcy Judge Alan M. Koschik issued a Memorandum Decision and an Order[1] granting the motion of Deutsche Bank, as Trustee for the Certificate Holders of Soundview Home Loan Trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2, for relief from the automatic stay and for abandonment of certain property under the Bankruptcy Code.[2] The bankruptcy court concluded, *inter alia*, that, because "the [p]roperty had

---

[1] Copies of the two orders are most easily accessible as attachments to appellee's brief. (Doc. No. 11-1 and 11-2 (together, the "Order Lifting Stay").) It is these copies that are uniformly cited to herein.

[2] Deutsche Bank sought abandonment of the real estate located at 8610 Hadden Road, Twinsburg, OH 44087 (the "property"), which is Taylor's home address. (Order Lifting Stay at 258 [All page number references are to the page numbers generated by the respective courts' electronic docketing systems.].)

already been sold and deeded to [Deutsche Bank] as of the date of the [bankruptcy] petition and the estate has not even a possessory interest in the [p]roperty . . . [it] is of inconsequential value to the estate." (Order Lifting Stay at 281.) The bankruptcy court further concluded that Deutsche Bank was entitled to an order directing the Trustee to abandon the property. (*Id*. at 282.)

On September 30, 2019, Taylor appealed from the Order Lifting Stay. He filed his appellant's brief on October 11, 2019. (Doc. No. 6 ["Appellant Br."].) Deutsche Bank filed its appellee's brief (Doc. No. 11 ["Appellee Br."]), and Taylor filed his reply (Doc. No. 12 ["Reply"]). The matter is ripe for determination.

## II. Discussion

### A. Factual Background

As pointed out by the bankruptcy court, "[t]his case has a long history that runs through multiple federal and state courts, including multiple trips to the appellate levels of both the federal and state court systems." (Order Lifting Stay at 259.) Various orders of these courts tell the factual history of the case. This Court takes judicial notice of these rulings. *Walburn v. Lockheed Martin Corp.*, 431 F.3d 966, 972 n.5 (6th Cir. 2005) (federal courts may take judicial notice of related "'proceedings in other courts of record.'") (quoting *Rodic v. Thistledown Racing Club, Inc.*, 615 F.3d 736, 738 (6th Cir. 1980)); *see also* Fed. R. Evid. 201.

"There is no dispute of material fact that 1) [Taylor][3] borrowed money in February 2006, as is evidenced by [a] note and mortgage; 2) [Deutsche Bank's] interest in the mortgage has been

---

[3] Except for the bankruptcy cases, all the proceedings in state and federal courts were brought *pro se* by Taylor and his spouse, Alicia Driggins-Taylor, who were the joint borrowers. Since Taylor is the sole debtor bringing the instant appeal, for easier reference, the Court refers only to Taylor, individually, in its recitation of all the underlying facts.

2

duly recorded; 3) [Taylor has] not made a payment on the loan since its inception;[4] 4) the loan is in default; 5) [Taylor has] not cured the default; [and] 6) [Deutsche Bank] is entitled to foreclose on the loan." *Deutsche Bank Nat'l Trust Co. v. Taylor*, No. CV 2007 11 8364 (Ct. Comm. Pleas Jan. 10, 2010) (footnotes added) [Bankr. Doc. No. 31-1 at 16].[5] As a result, summary judgment was granted in favor of Deutsche Bank and, on February 1, 2010, a judgment entry and decree in foreclosure was entered by the state court. (Bankr. Doc. No. 31-1 at 19–24.) In all relevant respects, the judgments of the state trial court were affirmed.[6] (*Id.* at 25–39.)[7]

On August 21, 2015, a sheriff's sale was conducted and Deutsche Bank purchased the property. (*See* Bankr. Doc. No. 31-2 at 37.) This sale was confirmed by the state court on December 10, 2015. (*Id.* at 38–43.) The judgment was affirmed on appeal and the Ohio Supreme Court declined to exercise jurisdiction. (Bankr. Doc. No. 31-3 at 7–16; 17.)

---

[4] Although it would not change the outcome here, it appears that Taylor may actually have made a single payment on or about March 30, 2007, but it was insufficient to satisfy the monthly payment due. (*See* Bankr. Doc. No. 31 at 33.)

[5] Deutsche Bank originally filed its foreclosure action in federal court on the basis of diversity jurisdiction. (*See* Case No. 5:07-cv-1840.) Coincidentally, the case was randomly assigned to the undersigned judge. On November 8, 2007, the case was dismissed without prejudice because, at the time the case was commenced, Deutsche Bank had not yet taken possession of the note and/or assignment of the mortgage that secured the note. Therefore, the Court concluded that Deutsche Bank had lacked standing to commence the action, a defect that could not be belatedly cured. (Case No. 5:07-cv-1840, Doc. No. 22.) When Deutsche Bank refiled the foreclosure action, then in its capacity as holder of the note with assignment of the mortgage, it chose to do so in state court.

[6] The state court of appeals initially reversed the summary judgment to the extent it purported to have ruled on Taylor's counterclaims and remanded those claims for further proceedings. (*See* Bankr. Doc. No. 31-1 at 32, 39.) On remand, following a proper motion, the state trial court separately granted summary judgment in Deutsche Bank's favor on the counterclaims. (Bankr. Doc. No. 31-2 at 1–17.) That ruling was affirmed on appeal with respect to those counterclaims. (*Id.* at 18–27.)

[7] While awaiting the results of this appeal, on December 6, 2010, Taylor filed a case against Deutsche Bank in this federal district court, which was assigned to a different judge. (*See* Case No. 5:10-cv-2766.) Taylor claimed that he had been wrongfully foreclosed upon. The district judge dismissed the case on December 29, 2010, citing the *Rooker-Feldman* doctrine and Ohio law on claim preclusion, and, subsequently, denied motions for relief from the judgment. (Order Lifting Stay at 266–67.) Ultimately, these federal court rulings were affirmed. (*Id.* at 268.)

On January 20, 2017, the Summit County Sheriff issued a sheriff's deed to Deutsche Bank, which was recorded in the land records of Summit County on February 1, 2017. (Bankr. Doc. No. 20-1 at 5–7.)

Taylor continued to file various documents in the state court seeking to challenge the sale and confirmation, to quash writs of possession and eviction notices, and to disqualify the assigned judicial officers.[8] All were unsuccessful, as evidenced by the bankruptcy record. (*See generally* Bankr. Doc. No. 31; Order Lifting Stay at 269–71.)

On September 28, 2018, Taylor filed his voluntary chapter 7 bankruptcy petition and, on February 19, 2019, he commenced an adversary proceeding. (Order Lifting Stay at 271–72.) This appeal is from orders issued in the bankruptcy case. Rulings in the adversary proceeding have been separately appealed and are not before this Court.

B.   **Standard of Review**

"Grants and denials of motions for relief from the automatic stay are final, appealable orders." *In re Schaffrath*, 214 B.R. 153, 154 (6th Cir. BAP 1997); 28 U.S.C. § 158(a)(1). A court "reviews a bankruptcy court's order granting or denying relief from an automatic stay only for abuse of discretion[,] . . . follow[ing] the bankruptcy court's findings of fact unless clearly erroneous, [but] exercis[ing] plenary review with regard to questions of law." *In re Laguna Assoc. Ltd. P'ship*, 30 F.3d 734, 737 (6th Cir. 1994) (citations omitted). "An abuse of discretion is defined as a 'definite and firm conviction that the [court below] committed a clear error of judgment.'" *In re Rice*, 462 B.R. 651, 653 (6th Cir. BAP 2011) (quoting *Mayor & City Council of Balt., Md. v. W. Va. (In re Eagle-Picher Indus., Inc.)* 285 F.3d 522, 529 (6th Cir. 2002)). "The question is not

---

[8] Taylor did so undeterred by state court orders warning that he would be sanctioned if he continued to pursue meritless filings. (Order Lifting Stay at 269.)

4

how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision[.]" *Barlow v. M.J. Waterman & Assocs. Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000).

**C.     Analysis**

In his multiple trips to the appellate levels of both the federal and state court systems, Taylor has consistently raised virtually the same issues over and over again. In his appellate brief, Taylor identifies six (6) "assignments of errors," in addition to a "Statement of the Issues Presented." The Court construes these, in combination, as constituting the required "statement of the issues presented and, for each one, a concise statement of the applicable standard of appellate review[.]" Fed. R. Bankr. P. 8014 (a)(5). Of the six "assignments of error," only the first three are arguably relevant to the instant appeal from the Order Lifting Stay.[9]

Taylor's first "assignment of error" asserts that the bankruptcy court erred in granting Deutsche Bank relief from the automatic stay because, as a trust, it may not hold title to real property, while his second "assignment of error" challenges the validity of the sheriff's deed that conveyed title to the property to Deutsche Bank. These matters, however, are not properly before the Court on appeal because they have long since been decided by state courts of competent jurisdiction over the foreclosure case. This Court does not sit to review the decisions of those state courts even if, by chance, they were to be somehow invalid. *Easterling v. Crawford*, No. 3:13CV430, 2015 WL 1476402, at *1 (S.D. Ohio Mar. 31, 2015) (generally "federal courts have no subject matter jurisdiction to review decisions of state courts . . . [which] can only be attacked

---

[9] The last three are issues that may or may not be relevant to Taylor's appeal from the bankruptcy court's order granting a motion to dismiss his adversary proceeding against Deutsche Bank for failure to state a claim. As already noted, that appeal is assigned to another judge in this district.

through the state appellate process"); *Smith v. Baird*, 41 F.3d 1507 (Table), 1994 WL 659246, at *1 (6th Cir. Nov. 22, 1994) ("lower federal courts possess no power to sit in direct review of state court decisions[] . . . [and] the district court has no authority to order a state court to set aside its order[]").

In his third "assignment of error," Taylor asserts: "The Bankruptcy Court erred in granting relief of stay[.] The burden of proof on a motion to modify the automatic stay is a shifting one." (Appellant Br. at 89.) He further asserts: "A prima facie case requires the movant to establish 'a factual and legal right to the relief that it seeks.'" (*Id.* at 91 (citation omitted).) Taylor's full "argument" relating to this assignment of error (*see id.* at 126–32) sheds no light on how the bankruptcy court may have erred, much less how it abused its discretion in entering the Order Lifting Stay. The argument repeats previously advanced (but unsuccessful) challenges to the underlying state court orders which, as already explained, are not the province of this appeal.

Quite simply put, the bankruptcy court did not abuse its discretion when it granted Deutsche Bank's motion for relief from the automatic stay with respect to the property at issue. Deutsche Bank was the purchaser of the property at the foreclosure sale and, under Ohio law, acquired all of the mortgagee's rights, including the right of possession, at the very latest on February 1, 2017, when the sheriff's deed was recorded. The record is crystal clear that Taylor had no legal interest in the property at the time he filed for bankruptcy on September 28, 2018. Therefore, the property did not belong to the bankruptcy estate and was not protected by the automatic stay. *See* 11 U.S.C. § 362(a).

## III. Conclusion

For the reasons set forth herein, the September 20, 2019 ruling of the bankruptcy court is affirmed and this case is dismissed and closed.

**IT IS SO ORDERED**.

Dated: January 22, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**